UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

ZORAN STANKOVIC,
An Individual, and
MAJA STANKOVIC, his wife,
     Plaintiffs,
      vs.

CASE NO.: 1:26-cv-23520

**TRIAL BY JURY DEMANDED**

JETBLUE AIRWAYS
CORPORATION, a Foreign
Corporation, TURK HAVA YOLARI
ANONIM ORTAKLIGI, INC.,
d/b/a TURKISH AIRLINES,
INC., a Foreign Corporation, and
MIAMI-DADE COUNTY, a Political
Subdivision of the State of Florida,
     Defendants.

_____/

## COMPLAINT FOR DAMAGES

COME NOW, Plaintiffs, ZORAN STANKOVIC and MAJA STANKOVIC by and through their counsel, and sue Defendant, JETBLUE AIRWAYS CORPORATION, TURK HAVA YOLARI ANOMIN ORTAKLIGI, INC. d/b/a TURKISH AIRLINES, INC., and MIAMI-DADE COUNTY alleges:

## JURISDICTION, VENUE & PARTIES

1.     This is an action for damages which exceed the jurisdictional limits of the Court exclusively of costs and interests.

2.     At all times material hereto, the Plaintiff, ZORAN STANKOVIC, was and is a citizen and resident of Serbia, and is otherwise *sui juris*.

3.     At all times material hereto, the Plaintiff, ZORAN STANKOVIC, was and is a citizen and resident of Serbia, and is otherwise *sui juris*.

4.     At all times material hereto, the Defendant, JET BLUE AIRWAYS CORPORATION, was and is a Foreign Profit Corporation and doing business in Miami-Dade County, Florida and is otherwise *sui juris*.

5.    At all times material hereto, the Defendant, TURK HAVA YOLARI ANOMIN ORTAKLIGI, INC. d/b/a TURKISH AIRLINES, INC., was and is a Foreign Profit Corporation and doing business in Miami-Dade County, Florida and is otherwise *sui juris*.

6.    At all times material hereto, the Defendant, MIAMI-DADE COUNTY, is a political subdivision of the State of Florida and is otherwise *sui juris*.

7.    Venue is proper in Miami-Dade County in that the Defendants, JET BLUE AIRWAYS CORPORATION, TURK HAVA YOLARI ANOMIN ORTAKLIGI, INC., d/b/a TURKISH AIRLINES, INC., and MIAMI-DADE COUNTY conduct business in Miami-Dade County, Florida, and/or all of the acts complained of herein occurred in Miami-Dade County, Florida.

### GENERAL ALLEGATIONS

8.    On or about May 15th, 2025, Plaintiff, Zoran Stankovic purchased airline tickets at Miami International Airport for international travel from Miami, Florida to Belgrade, Serbia.

9.    Plaintiff's original itinerary included a scheduled departure on a JetBlue Airways flight leaving Miami at approximately 2:00 p.m.

10.    Defendant, JetBlue Airways Corporation cancelled Plaintiff's scheduled flight and rebooked Plaintiff onto a Turkish Airlines flight departing later that evening.

11.    As a result of the cancellation and rebooking, Plaintiff remained at Miami International Airport for approximately ten (10) hours awaiting departure.

12.    During this period, despite Plaintiff's obvious and known quadriplegic condition, Defendants failed to provide reasonable accommodations, pressure-relief assistance, repositioning assistance, or adequate restroom access.

13.    Plaintiff, Zoran Stankovic remained seated for prolonged periods without appropriate medical accommodation, despite the known risk of pressure ulcer formation in quadriplegic individuals.

14.    Upon boarding the Turkish Airlines, Inc. flight, Plaintiff was transferred from his personal wheelchair into an airline seat and onboard wheelchair by ground personnel who lacked adequate training, competence, and proper transfer technique.

15. Defendants and/or their agents performed the transfer negligently and without proper regard for Plaintiff's medical vulnerability and physical condition.

16. Plaintiff then endured an international flight of approximately thirteen (13) hours to Istanbul, Turkey.

17. During the flight, Plaintiff was denied assistance with toileting, repositioning, pressure relief, and other medically necessary accommodations.

18. Plaintiff subsequently endured an additional layover in Istanbul, Turkey during which he remained seated in a standard airport wheelchair lacking appropriate cushioning or pressure-relief support.

19. Despite visible signs of urinary incontinence and Plaintiff's obvious physical distress, Defendants failed and refused to provide appropriate restroom assistance or medical accommodations.

20. Plaintiff was thereafter boarded onto a connecting flight from Istanbul to Belgrade, Serbia, again without adequate assistance or accommodation.

21. Upon arrival in Belgrade and visual inspection of Plaintiff's sacral area, Plaintiff discovered a severe pressure ulcer with significant skin breakdown and tissue damage.

22. Medical evaluation subsequently confirmed the existence of a Stage III sacral pressure ulcer caused by prolonged unrelieved pressure and lack of proper care and accommodation during Plaintiff's travel.

23. Photographs and medical records taken immediately after arrival and throughout treatment document the injury and resulting damages.

24. Plaintiff continues to suffer pain, disability, emotional distress, medical complications, and ongoing treatment needs as a result of the injury.

25. Plaintiff provided notice of his bodily injury claim to JetBlue and Turkish Airlines.

26. Defendant JetBlue refunded Plaintiff's ticket and advised that liability rested with Turkish Airlines, the airport, and/or the responsible ground-handling personnel.

27. As a direct and proximate result of Defendants' negligence and failure to provide reasonable accommodations and assistance, Plaintiff suffered serious bodily injury and damages.

## COUNT I – NEGLIGENCE AGAINST JETBLUE AIRWAYS, INC.

28.     Plaintiff realleges Paragraphs 1 through 26 as if fully set forth herein.

29.     Defendants owed Plaintiff a duty to exercise reasonable care in the provision of transportation services, disability accommodations, passenger assistance, wheelchair handling, passenger transfers, and medical safety precautions.

30.     Defendants breached their duties by, inter alia:

   a.   Failing to provide adequate disability accommodations;

   b.   Failing to provide pressure-relief measures;

   c.   Failing to provide timely restroom access and toileting assistance;

   d.   Failing to properly train employees and agents assisting disabled passengers;

   e.   Failing to safely transfer Plaintiff between wheelchairs and aircraft seating;

   f.    Failing to monitor Plaintiff's condition during prolonged travel delays and flights;

   g.   Failing to provide appropriate cushioning or medical seating accommodations; and;

   h.    Otherwise acting negligently under the circumstances.

31.     As a direct and proximate result of Defendants' negligence, Plaintiff sustained severe bodily injuries, including but not limited to a Stage III pressure ulcer, pain and suffering, disability aggravation, emotional distress, medical expenses, and loss of enjoyment of life.

WHEREFORE, Plaintiff demands judgment against Defendants, JetBlue Airways for compensatory damages, costs, interest, and such other relief as the Court deems just and proper.

## COUNT II – NEGLIGENCE AGAINST TURKISH AIRLINES, INC.

32.     Plaintiff realleges Paragraphs 1 through 26 as if fully set forth herein.

33.     Defendants owed Plaintiff a duty to exercise reasonable care in the provision of transportation services, disability accommodations, passenger assistance, wheelchair handling, passenger transfers, and medical safety precautions.

34.     Defendants breached their duties by, inter alia:

a.   Failing to provide adequate disability accommodations;

b.   Failing to provide pressure-relief measures;

c.   Failing to provide timely restroom access and toileting assistance;

d.   Failing to properly train employees and agents assisting disabled passengers;

e.   Failing to safely transfer Plaintiff between wheelchairs and aircraft seating;

f.   Failing to monitor Plaintiff's condition during prolonged travel delays and flights;

g.   Failing to provide appropriate cushioning or medical seating accommodations; and;

h.   Otherwise acting negligently under the circumstances.

35.   As a direct and proximate result of Defendants' negligence, Plaintiff sustained severe bodily injuries, including but not limited to a Stage III pressure ulcer, pain and suffering, disability aggravation, emotional distress, medical expenses, and loss of enjoyment of life.

WHEREFORE, Plaintiff demands judgment against Defendant, Turkish Airlines for compensatory damages, costs, interest, and such other relief as the Court deems just and proper.

## COUNT III – LIABILITY UNDER THE MONTREAL CONVENTION AGAINST TUSKISH AIRLINES, INC.

36.   Plaintiff realleges Paragraphs 1 through 26 as if fully set forth herein.

37.   Plaintiff was a passenger engaged in international carriage within the meaning of the Montreal Convention.

38.   Plaintiff sustained bodily injury during the course of international air transportation operated by Turkish Airlines.

39.   Plaintiff's injuries occurred onboard the aircraft and/or during operations of embarking, disembarking, and associated international transportation activities.

40.   Plaintiff's injuries were caused by unusual, unexpected, and negligent events and omissions occurring during the course of international carriage.

42. Pursuant to the Montreal Convention, Turkish Airlines is liable for damages sustained by Plaintiff.

WHEREFORE, Plaintiff demands judgment against Turkish Airlines for damages allowable under applicable international law, costs, and further relief deemed appropriate.

## COUNT IV- NEGLIGENCE AGAINST MIAMI-DADE COUNTY

43. Plaintiff realleges Paragraphs 1 through 26 as if fully set forth herein.

44. Defendant, Miami-Dade County is responsible for airport operations and ground assistance owed a duty to maintain reasonably safe disabled-passenger assistance services and properly trained personnel.

45. These Defendant, Miami-Dade County breached their duties by failing to provide competent wheelchair assistance, safe transfer procedures, and medically necessary accommodations.

46. Said negligence directly and proximately caused Plaintiff's injuries and damages.

WHEREFORE, Plaintiff demands judgment against Defendant, Miami-Dade County for damages, costs, and all other appropriate relief.

## COUNT V
## LOSS OF CONSORTIUM BROUGHT BY PLAINTIFF, MAJA STANKOVIC AGAINST DEFENDANTS, JETBLUE AIRWAYS, TURKISH AIRLINES AND MIAMI-DADE COUNTY

47. Plaintiff realleges Paragraphs 1 through 26 as if fully set forth herein.

48. On or about May 15th 2025, Defendants, JETBLUE AIRWAYS, TURKISH AIRLINES and MIAMI-DADE COUNTY owned, managed, controlled, operated, and/or maintained the premises whereas Plaintiff, ZORAN STANKOVIC had been a business-invitee.

49. On or about May 15th 2025, the Plaintiff, ZORAN STANKOVIC, was lawfully on Defendants', JETBLUE AIRWAYS, TURKISH AIRLINES and MIAMI-DADE COUNTY's premises, when he as a quadriplegic sustained injuries due to his prolonged seated position.

50. At all times material hereto and at the times of the incident complained of, Plaintiff, MAJA STANKOVIC, was and is the lawful wife of Plaintiff, ZORAN STANKOVIC.

51.     As a further direct and proximate result of the negligence of Defendants, JETBLUE AIRWAYS, TURKISH AIRLINES and MIAMI-DADE COUNTY as aforesaid, Plaintiff, MAJA STANKOVIC, has been deprived of the services, society, and consortium of her husband, Plaintiff, ZORAN STANKOVIC.

WHEREFORE, Plaintiff, MAJA STANKOVIC, demand judgment in their favor against the Defendants, JETBLUE AIRWAYS, TURKISH AIRLINES and MIAMI-DADE COUNTY, in excess of the minimum jurisdiction limits of this Court for compensatory damages, including incidental and consequential damages, post-judgment interest, costs, and for any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, ZORAN STANKOVIC and MAJA STANKOVOC demand a trial by jury of all issues so triable.

**CHARLES INJURY LAW**
4000 N. State Road 7, Suite 102
Lauderdale Lakes, Florida 33319
Telephone: (954) 390-2228
Facsimile: (954) 301-7700
E-Mail: steve@charleslegalpl.com

By: ***[s] Steve Louis-Charles***
Steve Louis-Charles, Esq.
Florida Bar No.: 98666
Counsel for Plaintiffs